UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

JORDAN MICHAEL CRALL,

        Plaintiff,

v.

STATE OF MICHIGAN,

        Defendant.
_____/

Case No. 1:18-cv-518

Honorable Janet T. Neff

## OPINION

This is a civil action brought by a state prisoner. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it fails to state a claim upon which relief can be granted.

## Discussion

    I.    Factual Allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Michigan. Plaintiff is serving a sentence of 1 year, 6 months to 4 years following his *nolo contend*ere plea to two counts of

felonious assault, Mich. Comp. L. § 750.82. Plaintiff's maximum discharge date is October 17, 2018. In anticipation of that discharge, Plaintiff sues the State of Michigan seeking to get his driver's license back as well as initial payment of, or perhaps renewal of, Plaintiff's social security disability benefits.

For relief, Plaintiff seeks $1 million in damages.

II.     Failure to State a Claim

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the plaintiff fails to plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215. Here, Plaintiff's allegations establish that the relief he requests is barred by sovereign immunity under the Eleventh Amendment.

Plaintiff may not maintain this civil action against the State of Michigan in federal court. Regardless of the form of relief requested, the states are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute for the claims Plaintiff raises. *Quern v. Jordan*, 440 U.S. 332,

341 (1979). Moreover, the State of Michigan has not consented to civil suits like Plaintiff's suit in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Because Plaintiff seeks relief against the State of Michigan, and the State of Michigan is immune from suit for claims such as Plaintiff's, Plaintiff has failed to state a claim upon which relief can be granted.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  July 6, 2018                                   /s/ Janet T. Neff
                                                      Janet T. Neff
                                                      United States District Judge